# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 4, 2024

## STATE OF TENNESSEE v. TODD ALLEN ROBBINS

**Appeal from the Circuit Court for Chester County**
No. 22-CR-45      Donald H. Allen, Judge

———————————————————

### No. W2023-01102-CCA-R3-CD

———————————————————

A Chester County jury convicted the Defendant, Todd Allen Robbins, of theft of a vehicle, among other offenses. On appeal, the Defendant and the State agree that the proof did not establish the vehicle's value at the time it was stolen. We agree and modify the Defendant's conviction to a Class A misdemeanor offense. We respectfully remand the case for entry of a modified judgment of conviction reflecting the modified offense class and a sentence of eleven months and twenty-nine days.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed in Part, Reversed in Part;**
**Case Remanded**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and TIMOTHY L. EASTER, J., joined.

M. Todd Ridley, Assistant Public Defender – Appellate Division, Franklin, Tennessee (on appeal); Jeremy Epperson, District Public Defender; and Kandi Kelley Colon, Assistant District Public Defender, Jackson, Tennessee (at trial), for the appellant, Todd Allen Robbins.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

On December 20, 2020, the Defendant shot and brutally killed Mr. Benny Maness and stole his 1985 Toyota pickup truck. Following a trial on March 22, 2023, a Chester County jury found the Defendant guilty of first-degree murder and theft of property valued over $1,000, a Class E felony offense. The jury imposed a sentence of life without parole for the homicide conviction, and the trial court imposed a sentence of four years for the theft conviction.[1]

The Defendant filed a timely motion for a new trial, which the trial court denied on August 2, 2023. The next day, the Defendant filed a timely notice of appeal.

## ANALYSIS

In this appeal, the Defendant argues only that the State failed to establish that the stolen truck was valued over $1,000 as alleged in the indictment. The State agrees and suggests that this court modify the conviction from a Class E felony to a Class A misdemeanor. We agree with the parties that modification is appropriate.

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a) (2018). The value of the stolen property "is not an essential element of the offense of theft." *State v. Menke*, 590 S.W.3d 455, 468 (Tenn. 2019). However, value is important because it determines the class or grade for the theft offense and thus determines its punishment. *State v. Jones*, 589 S.W.3d 747, 756 (Tenn. 2019). So, for example, theft is classified as a Class E felony when the value of the stolen property is more than $1,000 but less than $2,500. But the offense is a Class A misdemeanor when the value is less than those amounts. *See* Tenn. Code Ann. § 39-14-105(a)(1), (2) (2018). The State must prove the value of stolen property to the jury beyond a reasonable doubt. *See* Tenn. Code Ann. § 39-11-115 (2018).

---

[1] The Defendant was convicted of first degree premeditated murder and first degree murder in the perpetration of a theft, and the trial court merged these convictions. The Defendant also pled guilty to unlawful possession of a firearm. He raises no issues with respect to his convictions or sentences for these other charges. He also does not challenge his theft conviction or sentence apart from the value of the truck. As such, we confine our opinion here to the single issue raised by the Defendant. *See* Tenn. R. App. P. 13 (b) ("Review generally will extend only to those issues presented for review.").

Our criminal code defines "value" as being

(i)     The fair market value of the property or service at the time and place of the offense; or

(ii)    If the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense.

Tenn. Code Ann. § 39-11-106(36)(A)(i)-(ii) (2018).  If the value of stolen property cannot be determined from these criteria, the property "is deemed to have a value of less than fifty dollars ($50.00)."  Tenn. Code Ann. § 39-11-106(a)(36)(C).  The value of property is a question of fact for the jury.  *See Menke*, 590 S.W.3d at 468.

In the present case, the State introduced photographic and video evidence showing the victim's stolen truck, establishing that the vehicle was a red 1985 Toyota pickup truck. It also introduced a 2020 vehicle registration form showing that Mr. Maness purchased the truck for $200.00.  *See Prendergast v. State*, No. M2013-02869-CCA-R3-ECN, 2015 WL 9488423, at *11 (Tenn. Crim. App. Dec. 29, 2015) (recognizing that the purchase price is not equivalent to fair market value, but is a factor that may be considered in assessing value), *no perm. app. filed*.

Beyond this, however, the State did not introduce any proof regarding the fair market value or replacement value of the thirty-five-year-old truck at the time of its theft. For example, the State did not provide a valuation assessment or opinion from a witness able to provide it.  On the contrary, it offered no other proof from which a reasonable juror could find beyond a reasonable doubt that the truck had a value over $1,000 at the time and place of its taking.  *See, e.g.*, *State v. Robinson*, No. W2008-02069-CCA-R3-CD, 2010 WL 376627, at *14 (Tenn. Crim. App. Feb. 3, 2010), *perm. app. denied* (Tenn. June 16, 2010) (finding that pictures alone were insufficient to establish the value of an operational vehicle beyond a reasonable doubt).

Although the evidence is sufficient to sustain the Defendant's conviction for theft of property, the evidence does not support that the offense is classified as a Class E felony offense.  Accordingly, because the truck is deemed to have a value of $1,000 or less, *see* Tenn. Code Ann. § 39-11-106(a)(36)(C), we modify the offense class to a Class A misdemeanor offense.  *See* Tenn. Code Ann. § 39-14-105(a)(1) (2018); *State v. Malone*, No. W2015-00152-CCA-R3-CD, 2016 WL 7664767, at *4 (Tenn. Crim. App. May 5, 2016), *perm. app. denied* (Tenn. Sept. 26, 2016); *Robinson*, 2010 WL 376627, at *14.  In addition, because the trial court imposed the maximum sentence for this conviction, and that sentence has not been challenged, we respectfully order that the modified judgment

reflect a sentence of eleven months and twenty-nine days to be served at 75% before being eligible for various credits or programs. *See* Tenn. Code Ann. § 40-35-302(d) (2019); *State v. Guin*, No. E2022-00391-CCA-R3-CD, 2023 WL 8675582, at *12 (Tenn. Crim. App. Dec. 15, 2023), *perm. app. denied* (Tenn. May 16, 2024). All other aspects of the original judgment of conviction for this theft offense shall remain as ordered by the trial court.

## CONCLUSION

In summary, we hold that the State failed to establish the value of the stolen truck beyond a reasonable doubt. Therefore, we modify the Defendant's theft conviction from a Class E felony conviction to a Class A misdemeanor. We respectfully remand the case for entry of a modified judgment of conviction reflecting the modified offense class and a sentence of eleven months and twenty-nine days.

_____
TOM GREENHOLTZ, JUDGE